**FILED**
**May 11, 2023**
**12:53 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **ALEXIS BASHAM,** | ) | **Docket No. 20203-05-0474** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **SPB HOSPITALITY, LLC d/b/a** | ) | **State File No. 50877-2021** |
| **LOGAN'S ROADHOUSE,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **LIBERTY INS. CORP.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on May 4, 2023. The issue was whether Ms. Basham is likely to prove at trial that she is entitled to additional temporary disability benefits. Specifically, Logan's questioned whether she may receive those benefits when she has recovered from her physical injuries but still requires psychiatric treatment. The Court holds that she may and is likely to prevail at a hearing on the merits.

### History of Claim

Ms. Basham worked as the manager of a Logan's Roadhouse. In June of 2021, after the restaurant was closed for the evening, she tried to resolve a conflict with two individuals who claimed to have lost something on the premises. The situation escalated, and one of the individuals pulled Ms. Basham's necklace off, scratched her, punched her in the face, and pushed her outside. The assailants then got in their car and backed into her before trying to leave the parking lot. When they realized the lot had only one exit, they turned around and struck Ms. Basham again, this time dragging her for several feet as she tried to keep from going under the car. She fell against the curb and struck her head and back.

An ambulance transported her to the emergency room, where she received treatment for a head wound and other abrasions. Ms. Basham, who has a history of anxiety and

depression, also saw her mental health clinic for complaints of increased fear and anxiety after the work incident.

Ms. Basham additionally began experiencing back symptoms and, after some delay, Logan's gave her an orthopedic panel from which she selected Dr. James Wiesman. He eventually referred her to a neurosurgeon, and she chose Dr. George Lien from a panel. Dr. Lien performed lumbar surgery and released her at maximum medical improvement on August 15, 2022. Logan's then terminated Ms. Basham's temporary total disability benefits.

Logan's authorized a psychiatric evaluation and treatment with Dr. Greg Kyser in January 2023, and he assessed "Posttraumatic stress disorder – work-related." He explained further:

> It is clear that she suffered a severe, life-threatening event associated with her employment at Logan's Roadhouse. An event of this nature would be extremely distressing to almost anyone. Her pre-existing psychiatric condition would predispose her and place her at higher risk of developing PTSD associated with her work injury. Since the assault, she has developed symptoms that are consistent with posttraumatic stress disorder and these are well documented in her treatment records.

Ms. Basham continues to receive therapy per Dr. Kyser's recommendations, and he restricted her from working until further notice.

Logan's sent Dr. Kyser a questionnaire asking: "Do you believe Ms. Basham's current PTSD diagnosis arose primarily out of (more than 50%) the physical assault and injuries she suffered in the course and scope of her employment on June 8, 2021?" Dr. Kyser responded, "Yes."[1]

At the hearing, Ms. Basham testified that, although she had previous psychological problems, she was able to work and perform the normal functions of daily life. Since the assault, she suffers crippling anxiety and fear that prevent her from working or living a productive life. Ms. Basham contended that, based on Dr. Kyser's work restrictions, she is entitled to continuing temporary total disability benefits. She also requested that the Court impose a penalty for unpaid benefits and award attorney's fees.

Logan's contended that Ms. Basham is not entitled to any additional benefits. It argued that, because she reached maximum medical improvement for her physical injuries

---

[1] Ms. Basham offered a Rule 72 declaration from Dr. Kyser, but the Court found it inadmissible because she did not file it with her Request for Hearing, filed it only a week before the hearing, and failed to serve Logan's with a copy of the statement. The Court further found that it did not qualify as rebuttal proof.

in August 2022, it properly terminated her temporary disability payments under Tennessee Code Annotated section 50-6-207(1)(E).

**Findings of Fact and Conclusions of Law**

To grant Ms. Basham's request, she must show she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Generally, to recover temporary total disability benefits, Ms. Basham must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015). Based on Dr. Kyser's report, as well as the parties' stipulations, she is likely to prove all these elements at a final hearing. However, because Ms. Basham's disability is psychiatric in nature, additional analysis is required.

Mental injuries are compensable if they arise "primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual stimulus." Tenn. Code Ann. § 50-6-102(15). But the temporary disability benefits available to employees may vary because of Tennessee Code Annotated section 50-6-207(1)(E), which says an employee is "conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain or for a mental injury that arose primarily out of a compensable physical injury." In other words, mental injuries are treated differently than those arising from a sudden or unusual stimulus. Therefore, the first question in this case is, what about mental injuries involving both physical injuries *and* sudden or unusual stimulus?

Although previous courts have addressed the distinction between physical injury and "stand alone" mental injury cases in causation disputes, neither the parties nor the Court have identified any controlling authority addressing this question.[2] Ms. Basham argued that section 207(1)(E) was only intended to address the situation where an employee suffers a physical injury and later becomes depressed because of the pain or her inability to work. She said her case was different because her mental injury was caused by the assault itself, not her physical injuries. She contended that, even if she had no physical injuries, she would still be suffering from PTSD that restricts her from working.

Conversely, Logan's argued Ms. Basham's approach uses an unnecessarily narrow application of the word "injury" as interpreted by the courts. It contended that case law

---

[2] The parties cited two Court of Workers' Compensation Claims cases that reached opposite results and are not binding authority.

focuses solely on whether the injury has *any* physical component. Further, Logan's suggested that Ms. Basham's reading of the statute would result in an unnecessarily intricate analysis, predicting that courts and physicians would have difficulty determining the cause of mental and physical injuries arising from complex events that happened in a matter of moments.

The Court agrees with Ms. Basham's interpretation of section 207(1)(E). The central focus when interpreting any statute is to "ascertain and give effect to the intention or purpose of the legislature as expressed in the statute." Unless the language is ambiguous, a court must derive legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007).

Although both parties presented arguments suggesting the legislative intent behind section 207(1)(E), that inquiry is unnecessary because this provision is unambiguous. It does not mention mental injuries that occur contemporaneously with physical injuries. Instead, it only applies to a "mental injury that arose primarily *out of a compensable physical injury*." (Emphasis added). The natural and ordinary meaning of this phrase is that a mental injury occurring concurrently with a physical injury does not fall under the provisions of this section, so long as it arises primarily out of the incident itself and not the physical injury.

The cases Logan's cited primarily involve questions of causation, i.e., whether an injury is a "stand alone" mental injury claim or whether it arose from an incident involving a physical injury. That inquiry is used to determine compensability under another part of the statute, section 50-6-102(15), and is not linked, in either case law or the statute, to the question of maximum medical improvement or the application of section 207(1)(E). Further, Logan's concerns about the difficulties in determining the cause of mental injuries are misplaced. Courts and medical professionals address complicated causation questions on a regular basis, and this question would not be so complex or difficult as to be impracticable.

Having found that section 207(1)(E) only applies to mental injuries arising out of physical injuries, the question then becomes whether Ms. Basham's PTSD arose primarily out of the assault itself or out of her physical injuries. Dr. Kyser and Ms. Basham herself provided the evidence on this issue.

Logan's contended that Dr. Kyser's questionnaire response places this case squarely under the provisions of section 207(1)(E). The Court disagrees. What Dr. Kyser actually said was that Ms. Basham's PTSD arose "primarily out of . . . the physical assault *and* injuries she suffered in the course and scope of her employment." (Emphasis added). He did not specify the relative contribution of either the assault or the injuries but stated in his

report that Ms. Basham's PTSD was "work-related" and arose out of a "severe, life-threatening event associated with her employment."

As noted above, Ms. Basham need not prove every element of her claim by a preponderance of the evidence at this time but instead must show she is likely to prevail at trial. Further, "live testimony by a lay witness may influence the trier of fact in the consideration of expert medical proof." *Caskey v. Powers Pizza, LLC*, 2015 TN Wrk. Comp. App. Bd. LEXIS 37, at *9 (Oct. 7, 2015). Ms. Basham testified that her anxiety and depression were under control before the assault but more severe psychiatric symptoms manifested soon after, and she sought help for those problems well before she received treatment for any significant physical injuries.

The Court finds that Dr. Kyser's opinions, taken in conjunction with Ms. Basham's credible and persuasive testimony, are sufficient to find she would likely prove that her mental injury arose primarily out of the assault itself and not the physical injuries. Therefore, section 207(1)(E) does not apply, and she is entitled to temporary total disability benefits at the stipulated compensation rate of $699.30 for the stipulated period of August 15, 2022, through the present.

Ms. Basham requested attorney's fees, presumably under Tennessee Code Annotated section 50-6-226(d)(1)(B). That section allows an award of fees and reasonable costs when an employer "[w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee . . . is entitled under this chapter, including medical benefits . . . if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing[.]"

The Appeals Board has repeatedly held that interlocutory awards under section 226(d)(1)(B) "should be made only in extremely limited circumstances." *Andrews v. Yates Servs., LLC*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (May 23, 2017). The Court does not find those circumstances here and denies Ms. Basham's request for fees at this time. The same concerns apply to her request for a penalty award, so the Court also denies her penalty request at this interlocutory juncture.[3]

**IT IS, THEREFORE, ORDERED** as follows:

1. SPB Hospitality, LLC shall pay Ms. Basham temporary total disability benefits at the weekly rate of $699.30 for the period of August 15, 2022, through the date of this Order. Ms. Basham's attorney is entitled to fees of twenty percent from this award.

---

[3] Tennessee's workers' compensation statute authorizes a twenty-five percent penalty when an employer "fails to pay, or untimely pays, temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits under this chapter." Tenn. Code Ann. § 50-6-205(b)(3)(A).

2. SPB Hospitality shall continue to pay Ms. Basham temporary total disability benefits as long as her temporary disability exists.

3. A status hearing will take place on **August 1, 2023, at 9:00 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 11, 2023.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits: [4]
1. Dr. Kyser's response to the February 7, 2023 questionnaire
2. Alexis Basham's Rule 72 statement
3. Dr. Kyser's January 6, 2023 report
4. Parties Stipulations
5. Dr. Kyser Declaration (identification only)

Technical record:

---

[4] Ms. Basham offered "the complete medical records" as an exhibit but did not identify those records or provide copies. Logan's objected because the records were not submitted in advance. The Court noted that it was unable to rule on admissibility unless the exhibit was available for review but offered the parties an opportunity to confer and submit the records after the hearing if they reached an agreement. They were unable to do so. Thus, the records are excluded and, because they were not provided to the Court, are not marked for identification.

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement
5. Pre-Hearing Brief by Employee
6. Employer's Witness and Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on May 11, 2023.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Michael Fisher, Employee's Attorney | | X | michael@rockylawfirm.com |
| Taylor R. Pruitt, Employer's Attorney | | X | trp@feeneymurray.com |
| MOST | | X | April.verdoni@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*